IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 20-mj-00054

UNITED STATES OF AMERICA,

      Plaintiff,

v.

BRADLEY BUNN,

      Defendant.

## ORDER OF DETENTION

      This matter was before the Court for a detention hearing on May 18, 2020. Assistant United States Attorney David Tonini represented the government, and Matthew Golla represented the Defendant. The Defendant contested detention.

      On the current record, the Court has concluded, by clear and convincing evidence, that no condition or combination of conditions of release will reasonably assure the safety of the community based on the attached findings.

      IT IS HEREBY ORDERED that the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal, *noting, however, that the Court believes the Defendant is potentially experiencing a mental health issue precipitated by his prior injuries/disabilities and the current unprecedented economic/political/COVID-19 climate and should be evaluated and treated as such, including an evaluation as to his risk of harming himself or others*; and

      IT IS FURTHER ORDERED that the Defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

      IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

DATED and ENTERED this 19th day of May, 2020.

             BY THE COURT:

             _S/Michael E. Hegarty_____
             Michael E. Hegarty
             United States Magistrate Judge

United States v. Bradley Bunn
Case No. 20-mj-00054

## FINDINGS OF FACT, CONCLUSIONS OF LAW, and REASONS FOR ORDER OF DETENTION

In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure the safety of any other person or the community.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over ten (10) years and is an offense prescribed by the Controlled Substances Act, or if the defendant is charged with a crime of violence, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the Court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

 (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

 (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Court has taken judicial notice of the Court's file, the arguments of counsel and evidence provided at the hearing, and information from pretrial services. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Complaint in this case charges the Defendant with a violation of 26 U.S.C. §§ 5841, 5845, 5861(d), and 5871, Possession of Firearms Not Registered with the National Firearms Registration and Transfer Record. The rebuttable presumption of detention does not apply here.

Second, a Magistrate Judge has found that probable cause for the charge (and Mr. Bunn waived preliminary hearing) has been established here.

Third, I find that Defendant presents a risk to himself or others because (1) of his past and recent history of a diagnosis for a mental illness, and certain instabilities in his family life, about which I have insufficient information to determine that his condition is currently stable; (2) of evidence of prior suicidal ideation or intention; (3) of the facts of this case, which involve an apparently trained former member of the U.S. military who recently purchased the implements for, and assembled, pipe bombs that, according to uncontested proffer, were capable of detonation; (4) Defendant has not been recently evaluated concerning his mental health and, without the assistance of such evaluation, I am unable to conclude that the risk to the community can be addressed through conditions of release; and (5) the Government proffered statements by the Defendant, made on social medial and in writings recovered from Defendant's home, that expressed a belief that his life may not last long, made end-of-life plans, and used wording that, reasonably interpreted, threatened the safety of others, including law enforcement. Stated plainly, I am concerned for his own health and safety and, potentially the safety of others (who might be collaterally damaged in any attempt Defendant would make to harm himself) if he were released even to a halfway house. I believe it is probable that a trained and experienced mental health provider who has confronted situations like this could inform the Court of the true seriousness of these circumstances and of Defendant's current mental state.

Once a mental health evaluation is completed and the information provided to this Court, if such evaluation, reasonably interpreted, supports the likelihood that conditions of release could be fashioned that would assure the safety of any person or the community, Defendant through counsel can file a motion to reconsider.

As a result, after considering all of these factors, I conclude there is clear and convincing evidence that no conditions or combination of conditions will reasonably assure the safety of the community. Defendant is remanded. **However, as I noted on the record, I believe the Defendant is currently suffering from a mental episode and should be evaluated as soon as possible.**